UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DENISE STEWART, DIAMOND                     :
STEWART, KIRKLAND STEWART,
MAGIC STEWART, and UNIQUE                   :       **THIRD AMENDED**
STEWART,                                            **COMPLAINT**
                                            :
            Plaintiffs,                             No. 15-cv-5811 (SJ) (RML)
                                            :
      - against -
                                            :
THE CITY OF NEW YORK, JENNIFER                      Jury Trial Demanded
MACKEY, in her individual and official      :
capacities, JOHN MATTEO, in his individual
and official capacities, and CHRISTOPHER    :
TIRADO, in his individual and official
capacities,                                 :

            Defendants.    :
------------------------------------------------------------x

      Plaintiffs DENISE STEWART, DIAMOND STEWART, KIRKLAND

STEWART, MAGIC STEWART, and UNIQUE STEWART, by their attorneys, THE

RAMEAU LAW FIRM and the LAW OFFICES OF JOEL B. RUDIN, P.C., respectfully

allege, upon information and belief, as follows:


                     **NATURE OF THE ACTION**

      1.      This is a civil action, pursuant to 42 U.S.C. §§ 1983 and 1988, and New

York State law, seeking monetary damages for Plaintiffs, due to Defendants' violations of

their rights under the United States Constitution and New York state law.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

2.     This action arises under 42 U.S.C. §§ 1983 and 1988 and under the common law of the State of New York.

3.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and under the principles of pendent jurisdiction.

4.     Venue is proper under 28 U.S.C. § 1391.

5.     This action has been commenced within the applicable period for each claim.

6.     Plaintiffs served the City of New York timely notice of the present claims in accordance with New York General Municipal Law § 50-e.

7.     Plaintiffs offered to attend oral examinations in accordance with General Municipal Law § 50-h, but the City did not schedule such examinations.

## THE PARTIES

8.     Plaintiffs DENISE STEWART ("Denise"), DIAMOND STEWART ("Diamond"), KIRKLAND STEWART ("Kirkland"), MAGIC STEWART ("Magic"), and UNIQUE STEWART ("Unique") are residents of Richmond County in the City and State of New York.

9.     Defendant JENNIFER MACKEY, Shield No. 4286, was at all relevant times a police officer of the New York City Police Department ("NYPD") acting within the scope of her authority and under color of state law.  She is named here in her individual and official capacities.

10.     Defendant JOHN MATTEO, Shield No. 4389, was at all relevant times a police officer of the NYPD acting within the scope of his authority and under color of state law.  He is named here in his individual and official capacities.

11.     Defendant CHRISTOPHER TIRADO, Shield No. 22495, was at all relevant times a police officer of the NYPD acting within the scope of his authority and under color of state law.  He is named here in his individual and official capacities.

12.     Defendant CITY OF NEW YORK is a municipal corporation of the State of New York and is a resident of the Eastern District of New York.

## FACTS

13.     On the night of July 13, 2014, Plaintiffs Denise, then 48; Diamond, then 20; Kirkland, then 24; Magic, then 16; and Unique, then 12, were in their apartment at 9720 Kings Highway in Brooklyn, New York.

14.     Defendants Mackey and Matteo sought to enter the apartment.

15.     Denise was wearing only a towel and a pair of panties.

16.     Denise denied Mackey and Matteo consent to enter the apartment, and no other occupant of the apartment consented to the officers entering.

17.     Matteo violently pushed in the front door and burst into the apartment, causing Denise substantial pain and injury in the process.

18.     Mackey entered the apartment and unreasonably deployed pepper spray, causing Plaintiffs substantial pain and injury.

19.     Mackey and Matteo did not have a warrant authorizing their entry into

Plaintiffs' apartment, and their warrantless entry was not lawful on any other ground.

20.     Matteo dragged Denise out of the apartment.

21.     At some point between the moment when Matteo and Mackey sought entry

into the apartment and when Matteo removed Denise from the apartment, Matteo caused

Denise's towel to fall off, leaving her naked except for a pair of panties.

22.     In the hallway outside the apartment, Matteo threw Denise face-first against

a wall and handcuffed her behind her back, causing her further substantial pain and

injury.

23.     An onlooker video-recorded portions of Matteo's interactions with Denise

in which Denise was naked except for her panties.

24.     Later, this video was widely disseminated on the Internet, where it remains

accessible to this day, causing Plaintiffs extreme embarrassment and emotional distress.

25.     Defendant Tirado threw Unique face-first against a wall and handcuffed her

behind her back, causing her substantial pain and injury.

26.     Mackey arrested Diamond and Kirkland.

27.     Mackey, Matteo, and Tirado did not have probable cause or other lawful

grounds for arresting or otherwise seizing Denise, Diamond, Kirkland, or Unique.

28.     Outside the apartment building, Tirado struck Unique on the side of her

body, causing her substantial pain and injury.

29.     Tirado called Unique a "black piece of shit" and a "nigger."

4

30.     At the NYPD's 67th Precinct, Mackey shackled Unique's feet to a railing, causing her substantial pain and injury.

31.     Mackey told Unique that if she wanted to see her mother, Denise, she had to write a statement, which Mackey knew was false, accusing family members of hitting Unique with a belt.

32.     As a result of this coercion by Mackey, Unique wrote a false statement saying that Diamond had beat her with a belt so that Mackey would take Unique to see her mother.

33.     Mackey swore out criminal complaints against Denise, Diamond, and Kirkland, and submitted a sworn statement in support of a family court petition initiating juvenile delinquency charges against Unique.

34.     In these sworn statements, Mackey made numerous materially false factual claims.

35.     In sworn "Supporting Depositions," Matteo falsely claimed that certain of these allegations sworn by Mackey were true.

36.     Denise, Diamond, Kirkland, and Unique were charged with criminal or juvenile offenses for which there would have been no probable cause to charge them but for Mackey's and/or Matteo's false sworn statements.

37.     All charges against Unique were dismissed on or about September 23, 2014.

38.     Denise, Diamond, and Kirkland, made numerous court appearances while the charges against them were pending.

39.     Denise's trial was held in December 2016.

40.     The jury acquitted Denise of all counts.

41.     Shortly after Denise's acquittal, the People dismissed all charges against Diamond and Kirkland.

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983.  False arrest and false imprisonment in violation of the Fourth and Fourteenth Amendments. Plaintiffs Denise, Diamond, Kirkland, and Unique. Defendants Mackey, Matteo, and Tirado.**

42.     Plaintiffs repeat and reallege each allegation contained in the preceding paragraphs as if fully set forth herein.

43.     Acting individually and in concert, Defendants Mackey, Matteo, and Tirado (the "Individual Defendants") deprived Plaintiffs Denise, Diamond, Kirkland, and Unique (the "Arrested Plaintiffs") of their rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free of unreasonable search and seizure and to their liberty by detaining, searching, arresting, confining, causing the confinement, and/or continuing the confinement of these plaintiffs without any privilege to do so.

44.     The Arrested Plaintiffs were conscious of their respective confinements.

45.     The Arrested Plaintiffs did not consent to their respective confinements.

46.     In each of the instances above in which one or more of the defendants deprived one or more of the plaintiffs of their constitutional rights, each defendant did so intentionally, knowingly, willfully, recklessly, and/or with deliberate indifference to the lawfulness of his or her conduct.

47.     The above misconduct by the Individual Defendants was outrageous and shocking to the conscience.

48.     By virtue of the foregoing, the Individual Defendants are liable to the Arrested Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

**State-law false arrest and false imprisonment.  Plaintiffs Denise, Diamond, Kirkland, and Unique.  All defendants.**

49.     Plaintiffs repeat and reallege each allegation contained in the preceding paragraphs as if fully set forth herein.

50.     Acting individually and in concert, the Individual Defendants detained, searched, arrested, confined, caused the confinement, and/or continued the confinement of the Arrested Plaintiffs without any privilege to do so.

51.     The Arrested Plaintiffs were conscious of their respective confinements.

52.     The Arrested Plaintiffs did not consent to their respective confinements.

53.     Defendant City of New York is liable under the principle of *respondeat superior*.

## THIRD CAUSE OF ACTION

**42 U.S.C. § 1983.  Malicious prosecution in violation of the Fourth, Fifth, and Fourteenth Amendments.  Plaintiffs Denise, Diamond, Kirkland, and Unique.  Defendants Mackey, Matteo, and Tirado.**

54.     Plaintiffs repeat and reallege each allegation contained in the preceding paragraphs as if fully set forth herein.

7

55.     Acting individually and in concert, the Individual Defendants caused the initiation and/or continuation of criminal and/or family court proceedings against the Arrested Plaintiffs.

56.     The Individual Defendants did so knowingly, willfully, intentionally, and with actual malice.

57.     The Individual Defendants did so even though they lacked probable cause to initiate and/or continue criminal and/or family court proceedings against the Arrested Plaintiffs, and knew they lacked probable cause.

58.     By taking the above actions, the Individual Defendants intentionally deprived the Arrested Plaintiffs of their liberty, or caused their loss of liberty, in violation of their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

59.     All proceedings against the Arrested Plaintiffs terminated in the Arrested Plaintiffs' favor.

60.     The above misconduct by the Individual Defendants was outrageous and shocking to the conscience.

61.     By virtue of the foregoing, the Individual Defendants are liable to the Arrested Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

**State-law malicious prosecution.  Plaintiffs Denise,
Diamond, Kirkland, and Unique.  All defendants.**

62.     Plaintiffs repeat and reallege each allegation contained in the preceding

paragraphs as if fully set forth herein.

63.     Acting individually and in concert, the Individual Defendants caused the

initiation and/or continuation of criminal and/or family court proceedings against the

Arrested Plaintiffs.

64.     The Individual Defendants did so knowingly, willfully, intentionally, and

with actual malice.

65.     The Individual Defendants did so even though they lacked probable cause

to initiate and/or continue criminal and/or family court proceedings against the Arrested

Plaintiffs, and knew they lacked probable cause.

66.     By taking the above actions, the Individual Defendants deprived the

Arrested Plaintiffs of their liberty or caused their loss of liberty.

67.     All proceedings against the Arrested Plaintiffs terminated in the Arrested

Plaintiffs' favor.

68.     Defendant City of New York is liable under the principle of *respondeat*

*superior*.

## FIFTH CAUSE OF ACTION

**42 U.S.C. § 1983.  Use of excessive force in violation of the
Fourth and Fourteenth Amendments.  All plaintiffs.
Defendants Mackey, Matteo, and Tirado.**

69.     Plaintiffs repeat and reallege each allegation contained in the preceding

paragraphs as if fully set forth herein.

70.     The Individual Defendants intentionally used physical force against

Plaintiffs.

71.     The amount of force used was objectively unreasonable.

72.     The amount of force used was excessive and caused and/or exacerbated

substantial pain and/or injuries to Plaintiffs.

73.     Plaintiffs did not consent to the excessive physical force used by the

Individual Defendants, who lacked any legal justification, excuse, or privilege for their

conduct.

74.     By virtue of the foregoing, the Individual Defendants deprived Plaintiffs of

their rights under the Fourth and Fourteenth Amendments to the United States

Constitution to be free from the excessive use of force.

75.     The Individual Defendants deprived Plaintiffs of their rights intentionally,

willfully, or recklessly.

76.     The above misconduct by the Individual Defendants was outrageous and

shocking to the conscience.

77.     By virtue of the foregoing, the Individual Defendants are liable to Plaintiffs

for compensatory and punitive damages under 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION

**State-law assault and battery.  All plaintiffs.  All defendants.**

78.  Plaintiffs repeat and reallege each allegation contained in the preceding

paragraphs as if fully set forth herein.

79.  The Individual Defendants intentionally made bodily contact with Plaintiffs.

80.  The amount of force used was objectively unreasonable.

81.  This contact was harmful and offensive and occurred without justification,

excuse, or privilege.

82.  Plaintiffs did not consent to this physical contact by the Individual

Defendants.

83.  Defendant City of New York is liable the under the principle of *respondeat superior*.

## SEVENTH CAUSE OF ACTION

**42 U.S.C. § 1983.  Denial of Due Process and a Fair Trial Under the Fourth, Fifth, Sixth, and Fourteenth Amendments.  Plaintiffs Denise, Diamond, Kirkland, and Unique.  Defendants Mackey, Matteo, and Tirado.**

84.  Plaintiffs repeat and reallege each allegation contained in the preceding

paragraphs as if fully set forth herein.

85.  The Individual Defendants, individually and in concert, manufactured, or

caused the manufacturing of, false evidence against the Arrested Plaintiffs.

86.  They did so deliberately, willfully, recklessly, and/or with deliberate

indifference to the truth.

11

87.      They did so for the purpose of causing criminal or family court proceedings

to be initiated and/or continued against the Arrested Plaintiffs.

88.      The Individual Defendants forwarded this manufactured evidence to

prosecutors and Corporation Counsel for the City of New York for use against the

Arrested Plaintiffs.

89.      The Individual Defendants knew this manufactured evidence would be

likely to influence a jury's or other fact finder's decision at a trial or juvenile delinquency

proceeding.

90.      As a result of the Individual Defendants' forwarding of this manufactured

evidence to prosecutors and Corporation Counsel for the City of New York, prosecutions

were initiated against Denise, Diamond, and Kirkland, and a juvenile delinquency

proceeding was initiated against Unique, and the liberty of the Arrested Plaintiffs was

infringed or curtailed.

91.      The Individual Defendants' conduct violated the rights of the Arrested

Plaintiffs to a fair trial as guaranteed to them by the Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution.

92.      The above conduct by the Individual Defendants was outrageous and

shocking to the conscience.

93.      By virtue of the foregoing, the Individual Defendants are liable to the

Arrested Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

12

## EIGHTH CAUSE OF ACTION

**State-law intentional infliction of emotional distress.  All plaintiffs.  All defendants.**

94.     Plaintiffs repeat and reallege each allegation contained in the preceding paragraphs as if fully set forth herein.

95.     The above-described conduct of the Individual Defendants was extreme and outrageous.

96.     The Individual Defendants engaged in such conduct with an intention to cause Plaintiffs—or in reckless disregard of the substantial probability that it would cause Plaintiffs—severe emotional distress.

97.     Plaintiffs suffered, and continue to suffer, severe emotional distress.

98.     This conduct by the Individual Defendants was a proximate cause of the severe emotional distress that Plaintiffs suffered during the events described above, and continue to suffer after those events.

99.     Defendant City of New York is liable under the principle of *respondeat superior*.

## NINTH CAUSE OF ACTION

**State-law negligent infliction of emotional distress.  All plaintiffs.  All defendants.**

100.     Plaintiffs repeat and reallege each allegation contained in paragraphs 1-41 as if fully set forth herein.

101.     Plaintiffs are all immediate members of the same family.

102.    The Individual Defendants owed Plaintiffs a duty not to unreasonably endanger Plaintiffs' safety.

103.    The Individual Defendants breached this duty.

104.    As a result of the Individual Defendants' conduct, Plaintiffs suffered serious injuries.

105.    Plaintiffs witnessed the suffering of their family members who had been seriously injured.

106.    Plaintiffs were in the zone of danger.

107.    As a result, Plaintiffs suffered, and continue to suffer, severe emotional distress.

108.    This conduct by the Individual Defendants was a direct and proximate cause of the severe emotional distress that Plaintiffs suffered during the events described above, and continue to suffer after those events.

109.    Defendant City of New York is liable under the principle of *respondeat superior*.

### TENTH CAUSE OF ACTION

**Failure to intervene.  All plaintiffs.  All defendants.**

110.    Plaintiffs repeat and reallege each allegation contained in paragraphs 1-93 as if fully set forth herein.

111.    The Individual Defendants each had an affirmative duty to Plaintiffs to prevent other government officials from infringing upon their rights under the United States Constitution.

112.    The Individual Defendants each knew that Plaintiffs' constitutional rights would be violated if the Individual Defendants' NYPD colleagues were to arrest Plaintiffs without probable cause, maliciously cause Plaintiffs to be prosecuted without probable cause, use unreasonable force against Plaintiffs, or manufacture false evidence against Plaintiffs that would be likely to influence a jury's or other factfinder's decision at trial.

113.    The Individual Defendants each had reasonable opportunities to intervene to prevent such infringement of Plaintiffs' constitutional rights.

114.    Nevertheless, the Individual Defendants each deliberately, willfully, recklessly, and/or with deliberate indifference to the truth failed to take reasonable steps to intervene.

115.    As a result of the Individual Defendants' failure to intervene:

      a.    The Arrested Plaintiffs were falsely arrested;

      b.    The Arrested Plaintiffs were maliciously prosecuted;

      c.    Unreasonable force was used against Plaintiffs; and

      d.    Evidence was manufactured against the Arrested Plaintiffs that would be likely to influence the decision at trial of a jury or other factfinder and that caused them to suffer deprivations of their liberty.

116.    In failing to intervene, the Individual Defendants each caused the following violation of Plaintiffs' rights:

      a.    The right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments;

b.      The right not to be prosecuted absent the existence of probable cause under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

c.      The right to be free from unreasonable force under the Fourth and Fourteenth Amendments; and

d.      The right to a fair trial under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

117.    In failing to intervene, the Individual Defendants caused Plaintiffs'

resulting injuries.

## DEMAND FOR DAMAGES

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

a.      Compensatory damages against all defendants, jointly and severally;

b.      Punitive damages against Defendants Mackey, Matteo, and Tirado;

c.      Reasonable attorneys' fees, together with costs and disbursements, under 42 U.S.C. § 1988 and the inherent powers of this Court;

d.      Pre-judgment interest as allowed by law; and

e.      Such other and further relief as this Court may deem just and proper.


_AMY RAMEAU_____
AMY RAMEAU
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 887-5536
amywmrameau@hotmail.com

/ s /

JOEL B. RUDIN
Law Offices of Joel B. Rudin, P.C.
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
jbrudin@rudinlaw.com

*Attorneys for Plaintiffs*

Dated:          New York, New York
                January 22, 2020