UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

DENISE STEWART, DIAMOND STEWART,
KIRKLAND STEWART, MAGIC STEWART, and
UNIQUE STEWART,

                                Plaintiffs,

                -against-

THE CITY OF NEW YORK, JENNIFER MACKEY, in
her individual and official capacities, JOHN MATTEO , in
his individual and official capacities, and CHRISTOPHER
TIRADO, in his individual and official capacities,

                                Defendants.

-------------------------------------------------------------------------- x

**ANSWER TO THE THIRD
AMENDED COMPLAINT**

15-CV-5811 (SJ) (RML)

Jury Trial Demanded

Defendants The City of New York, John Matteo, Jennifer Mackey and Christopher Tirado, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for their answer to the Third Amended Complaint, dated January 22, 2020, respectfully:

1. Deny the allegations set forth in paragraph "1" of the Third Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Third Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Third Amended Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Third Amended Complaint, except admit that plaintiffs purport to base venue as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Third Amended Complaint.

6. Deny the allegations set forth in paragraph "6" of the Third Amended Complaint, except admit that documents purporting to be a Notice of Claim were received by the Comptroller's Office on or about October 14, 2014.

7. Deny the allegations set forth in paragraph "7" of the Third Amended Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Third Amended Complaint

9. Deny the allegations set forth in paragraph "9" of the Third Amended Complaint, except admit that, on July 13, 2014, Jennifer Mackey was employed by the City as a police officer and admit that plaintiffs purport to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Third Amended Complaint, except admit that, on July 13, 2014, John Matteo was employed by the City as a police officer and admit that plaintiffs purport to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the Third Amended Complaint, except admit that, on July 13, 2014, Christopher Tirado was employed by the City as a police officer and admit that plaintiffs purport to proceed as stated therein.

12. Deny the allegations set forth in paragraph "12" of the Third Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

13. Deny knowledge and information sufficient to form an opinion as to the truth of the allegations set forth in paragraph "13" of the Third Amended Complaint, except admit that

the plaintiffs were in their apartment at 9720 Kings Highway when Officers Mackey and Matteo arrived at the location.

14. Deny the allegations set forth in paragraph "14" of the Third Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Third Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Third Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Third Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Third Amended Complaint, except admit that Jennifer Mackey did deploy pepper spray during the incident.

19. Deny the allegations set forth in paragraph "19" of the Third Amended Complaint, except admit the defendants did not have a warrant.

20. Deny the allegations set forth in paragraph "20" of the Third Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Third Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Third Amended Complaint, except admit that John Matteo placed Denise Stewart in handcuffs.

23. Admit the allegations set forth in paragraph "23" of the Third Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Third Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Third Amended Complaint, except admit Christopher Tirado assisted in placing handcuffs on Unique Stewart.

26. Deny the allegations set forth in paragraph "26" of the Third Amended Complaint, except admit that Jennifer Mackey was the arresting officer for Denise, Diamond, Kirkland, and Unique Stewart.

27. Deny the allegations set forth in paragraph "27" of the Third Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Third Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Third Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Third Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Third Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Third Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Third Amended Complaint, except admit that Jennifer Mackey signed criminal court complaints relating to the prosecutions of Denise, Diamond, and Kirkland Stewart, and that Mackey signed an affidavit in support of the juvenile delinquency petition against Unique Stewart.

34. Deny the allegations set forth in paragraph "34" of the Third Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Third Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Third Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Third Amended Complaint, except admit that the juvenile delinquency petition against Unique Stewart was withdrawn on September 23, 2014.

38. Deny the allegations set forth in paragraph "38" of the Third Amended Complaint, except admit that each plaintiff appeared in court in connection with the criminal charges against them on more than one occasion.

39. Admit the allegations set forth in paragraph "39" of the Third Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Third Amended Complaint, except admit that Denise Stewart was acquitted at trial on all criminal charges presented to the jury.

41. Deny the allegations set forth in paragraph "41" of the Third Amended Complaint, except admit the criminal charges against Diamond Stewart and Kirkland Stewart were dismissed on December 29, 2016.

42. In response to the allegations set forth in paragraph "42" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

43. Deny the allegations set forth in paragraph "43" of the Third Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Third Amended Complaint.

45. Admit the allegations set forth in paragraph "45" of the Third Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Third Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Third Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Third Amended Complaint.

49. In response to the allegations set forth in paragraph "49" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

50. Deny the allegations set forth in paragraph "50" of the Third Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Third Amended Complaint.

52. Admit the allegations set forth in paragraph "52" of the Third Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Third Amended Complaint.

54. In response to the allegations set forth in paragraph "54" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

55. Deny the allegations set forth in paragraph "55" of the Third Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Third Amended Complaint.

57. Deny the allegations set forth in paragraph "57 of the Third Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Third Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Third Amended Complaint, except admit that Denise Stewart was acquitted at trial on all criminal charges presented to the jury.

60. Deny the allegations set forth in paragraph "60" of the Third Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Third Amended Complaint.

62. In response to the allegations set forth in paragraph "62" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

63. Deny the allegations set forth in paragraph "63" of the Third Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Third Amended Complaint.

65.  Deny the allegations set forth in paragraph "65" of the Third Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Third Amended Complaint.

67.  Deny the allegations set forth in paragraph "67" of the Third Amended Complaint, except admit that Denise Stewart was acquitted at trial on all criminal charges presented to the jury.

68. Deny the allegations set forth in paragraph "68" of the Third Amended Complaint.

69. In response to the allegations set forth in paragraph "69" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

70. Deny the allegations set forth in paragraph "70" of the Third Amended Complaint, except admit that defendants utilized reasonable force.

71. Deny the allegations set forth in paragraph "71" of the Third Amended Complaint.

72. Deny the allegations set forth in paragraph "72" of the Third Amended Complaint.

73. Deny the allegations set forth in paragraph "73" of the Third Amended Complaint.

74. Deny the allegations set forth in paragraph "74" of the Third Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Third Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Third Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Third Amended Complaint.

78. In response to the allegations set forth in paragraph "78" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

79. Deny the allegations set forth in paragraph "79" of the Third Amended Complaint, except admit that defendants utilized reasonable force.

80. Deny the allegations set forth in paragraph "80" of the Third Amended Complaint.

81. Deny the allegations set forth in paragraph "81" of the Third Amended Complaint.

82. Deny the allegations set forth in paragraph "82" of the Third Amended Third Amended Complaint.

83. Deny the allegations set forth in paragraph "83" of the Third Amended Complaint.

84. In response to the allegations set forth in paragraph "84" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

85. Deny the allegations set forth in paragraph "85" of the Third Amended Complaint.

86. Deny the allegations set forth in paragraph "86" of the Third Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the Third Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Third Amended Complaint.

89. Deny the allegations set forth in paragraph "89" of the Third Amended Complaint.

90. Deny the allegations set forth in paragraph "90" of the Third Amended Complaint.

91. Deny the allegations set forth in paragraph "91" of the Third Amended Complaint.

92. Deny the allegations set forth in paragraph "92" of the Third Amended Complaint.

93. Deny the allegations set forth in paragraph "93" of the Third Amended Complaint.

94. In response to the allegations set forth in paragraph "94" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

95. Deny the allegations set forth in paragraph "95" of the Third Amended Complaint.

96. Deny the allegations set forth in paragraph "96" of the Third Amended Complaint.

97. Deny the allegations set forth in paragraph "97" of the Third Amended Third Amended Complaint.

98. Deny the allegations set forth in paragraph "98" of the Third Amended Complaint.

99. Deny the allegations set forth in paragraph "99" of the Third Amended Complaint.

100.    In response to the allegations set forth in paragraph "100" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

101.    Admit the allegations set forth in paragraph "101" of the Third Amended Complaint.

102.    Paragraph "102" of the Third Amended Complaint sets forth legal conclusions to which no response is required.

103.    Deny the allegations set forth in paragraph "103" of the Third Amended Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Third Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Third Amended Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Third Amended Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Third Amended Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Third Amended Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Third Amended Complaint.

110.    In response to the allegations set forth in paragraph "110" of the Third Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

111.    Paragraph "111" of the Third Amended Complaint sets forth legal conclusions to which no response is required.

112.    Deny the allegations set forth in paragraph "112" of the Third Amended Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Third Amended Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Third Amended Complaint.

115.    Deny the allegations set forth in paragraph "115" and its subparts of the Third Amended Complaint.

116.    Deny the allegations set forth in paragraph "116" and its subparts of the Third Amended Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Third Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

118.    The Third Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

119.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision

thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

120.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

121.    Plaintiffs cannot obtain punitive damages as against the City nor against Mackey, Matteo and Tirado in their official capacities.

## FIFTH AFFIRMATIVE DEFENSE

122.    At all times relevant to the acts alleged in the Third Amended Complaint, defendants Mackey, Matteo and Tirado acted reasonably in the proper and lawful exercise of their discretion.

## SIXTH AFFIRMATIVE DEFENSE:

123.    Defendants Mackey, Matteo and Tirado have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

124.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

**EIGHTH AFFIRMATIVE DEFENSE**

125.   Plaintiffs' claims are barred, in part, by their failure to comply with the conditions precedent to suit including New York General Municipal Law §50-e, §50-h and §50-i.

**NINTH AFFIRMATIVE DEFENSE**

126.   Plaintiffs have failed to mitigate their alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

127.   There was probable cause for any arrest and prosecution.

**ELEVENTH AFFIRMATIVE DEFENSE**

128.   Plaintiffs provoked or were at fault for any incidents.

**TWELFTH AFFIRMATIVE DEFENSE**

129.   Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants The City of New York, John Matteo, Jennifer Mackey and Christopher Tirado request judgment dismissing the Third Amended Complaint, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              February 5, 2020

JAMES E. JOHNSON

Corporation Counsel of the
City of New York
*Attorney for Defendants City, Matteo, Mackey and Tirado*
100 Church Street
New York, New York 10007
(212) 356-2657


By:          /s/
            Joseph Zangrilli
            *Senior Counsel*


To:    Amy Rameau Esq. (By ECF)
       *Attorney for Plaintiff*

       Joel Rudin, Esq. (By ECF)
       *Attorney for Plaintiff*